JOHN H. VAN BUSKIRK et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 53122.)

Third Department, March 7, 1972.

*Valent & Callahan* (*Henry Valent* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*J. Lawson Brown* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the claimants from an order of the Court of Claims, entered on June 10, 1971, which granted a motion by the respondent to dismiss their claim for damages.

For purposes of such a motion the claimants are entitled to have the allegations of fact in the claim accepted as true and are entitled to any reasonable construction thereof which would establish a cause of action triable in the Court of Claims against the State of New York.

The claim alleges that: the State on April 29, 1968 granted an application of Cayuta Lake Property Owners Association, Inc. for a permit — pursuant to section 429-c of the Conservation Law — to construct a dam without adequately investigating as to probable harm to other riparian owners; that the approved height of the dam would cause flooding; that the approved dam was poorly designed; that the State failed to periodically inspect

the dam and insure that there had been compliance with the conditions of the permit; that on July 3, 1970 the dam did not function properly causing a specified rise in the level of the impounded waters; that on July 3, 1970 there was a failure of the third party to comply with the conditions of the permit; and that the foregoing facts caused damage to the claimants' property.

The judgment of the Court of Claims determined that in the issuance of a permit "the Water Resources Commission was exercising a governmental function of a quasi-judicial nature. It is clear that even if State agents or employees performing such functions err, the State is not liable for the results of such error. See *Weiss* v. *Fote,* 7 N Y 2d 579; *Gross* v. *State of New York,* 33 A D 2d 868".

There is no claim that the dam was upon lands owned by the State or that construction of the dam was in any way a State project. This court has previously considered the effect of article 5 of the Conservation Law and the obligation of ·the Water Resources Commission (*Matter of Sperry Rand Corp.* v. *Water Resources Comm.,* 30 A D 2d 276, 278, mot. for lv. to app. den. 24 N Y 2d 737). The *Sperry Rand* case interpreted the nature of the permits granted as being for the "public interest" and not for the interest of any private individual or corporation. In *Sperry Rand* it was specifically acknowledged that the probability or possibility of injury to individuals did not prevent the issuance of a permit pursuant to the Conservation Law. (*Matter of Sperry Rand Corp.* v. *Water Resources Comm., supra,* p. 278.) The permit in the present proceeding is similar in wording to that in *Sperry Rand.* In our opinion the granting ·or withholding of a permit to impound waters in accordance with the terms and conditions thereof does not involve the exercise of a duty or obligation in regard to a private individual or person and any "negligence" underlying the issuance of the permit would not be actionable in damages against the State.

Furthermore, the conditions of the permit relating to construction, maintenance, and/or operation of the dam, including inspection thereof, would have no perceivable connection with rights and duties as to these claimants. The owner of the land and riparian rights at the point where the dam was constructed at all times was the one who had the power and right to construct the same, *the State merely being in a position to prevent such use if it determined the same to be against the public interest.* To permit such use upon certain conditions only leaves the matter to the landowner as to whether or not he wants to proceed

with his proposed use. There is no perceivable distinction between the permit required and granted in these cases and those required and granted in conjunction with municipal zoning ordinances. There is no basis for creating any duty upon the State for an alleged breach of a nonexistent obligation. A cause of action predicated upon a permit issued solely for the purpose of allowing a landowner to use his property would make a governmental entity an insurer as to individuals or corporations whose private individual interests were of no concern as such in either the determination to regulate the use or the subsequent determination to issue a permit. Under the terms of the issuance of the permit, the applicant accepted full responsibility for all damages and agreed to indemnify the State.

In summary, the issuance of the permit and the imposition of conditions upon the permitted use did not constitute the exercise of power in regard to obligations of the State to protect the private interest of individual third parties and, accordingly, the compliance or noncompliance of the permittee with the terms of the permit is not a breach of duty by the State as to the claimants.

The claim does not state a cause of action against the State based upon the approval of the State of the private project or the conditions upon which such approval was given.

The contention of the appellants that the issuance of the permit is "ministerial" in nature is without merit (*Gross* v. *State of New York,* 33 A D 2d 868, 869).

The appellants further contend that the alleged failure of the State to cause the dam to be inspected and insure that all conditions were complied with constituted a breach of a "ministerial" act with consequent liability to them. However, there being no obligation on the part of the State to protect against damage to particular private interests, there would be no breach of duty as to inspection which could be actionable by these claimants. (Cf. *Falco* v. *City of New York,* 34 A D 2d 673, affd. 29 N Y 2d 918.) It should also be noted that this court has held that where the performance of clerical duties relates to the public interest and not to the protection of vested private interests, negligence would not result in liability of the State. (*Gross* v. *State of New York, supra.*)

It was held in *Crisafulli* v. *State of New York* (37 A D 2d 688) that certain acts performed pursuant to the Conservation Law would be "ministerial" and the subject of actionable negligence. However, that case is inapposite to the present alleged situation. Each case must be decided on the pertinent circumstances involved therein.

The claim does not establish any cause of action against the State of New York.

The order should be affirmed, with costs.

STALEY, JR., GREENBLOTT, SIMONS and KANE, JJ., concur.

Order affirmed, with costs.