VILLAGE OF NYACK, Appellant, *v.* HENRY L. DIAMOND, as Commissioner of Environmental Conservation, Respondent, et al., Defendant.

Third Department, April 20, 1972.

454

*Costello, Cooney & Fearon* (*Bruce B. Roswig* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Martin H. Schulman* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. This is an appeal from an order and judgment at Special Term entered August 19, 1971 in Albany County, which dismissed the complaint as to defendant Henry L. Diamond, Commissioner of the New York State Department of Environmental Conservation, on the ground that it failed to state a cause of action.

Plaintiff Village of Nyack is an owner in fee of riparian lands adjacent to the Hackensack River in the County of Rockland and derives its water supply from the river. Defendant Spring Valley Water Company Incorporated owns a dam and reservoir on the Hackensack River located upstream from the riparian land of the village, and draws water from the reservoir for its customers. In this action for a declaratory judgment (Conservation Law, § 429-j, subd. [5]), plaintiff alleges that defendant Spring Valley has been "unreasonably using, withdrawing, impounding and obstructing the waters of the Hackensack River above plaintiff's riparian land and otherwise unreasonably causing alteration in the natural flow, quantity, quality and condition of the river", and seeks a declaration of rights, damages and an injunction against Spring Valley. The only allegations in the complaint in reference to the Commissioner are the recital of two administrative determinations upon public water supply applications made by the New York Water Power and Control Commission (predecessor of the Department of Environmental Conservation), which received judicial confirmation (*Matter of*

*Rockland County Anti-Reservoir Assn.* v. *Duryea,* 282 App. Div. 457; *Matter of Spring Val. Water Works & Supply Co.* v. *Wilm,* 14 A D 2d 658).

The Commissioner has no obligation or duty beyond the granting of a permit as being in the public interest (*Matter of Sperry Rand Corp.* v. *Water Resources Comm.,* 30 A D 2d 276, 278, mot. for lv. to app. den. 24 N Y 2d 737), nor is the State liable for the results of any error in granting a permit, or for the failure of the permittee to comply with the terms of a permit (*Weiss* v. *Fote,* 7 N Y 2d 579; *Gross* v. *State of New York,* 33 A D 2d 868; *Van Buskirk* v. *State of New York,* 38 A D 2d 349). Therefore, the pleading is devoid of a justiciable controversy between plaintiff and the Commissioner (a necessary requirement whether the action is brought pursuant to subdivision [5] of section 429-j of the Conservation Law or CPLR 3001), and fails to state a cause of action (CPLR 3211, subd. [a], par 7) notwithstanding our liberal rules of pleading (CPLR 3026).

It should be noted, however, that the Commissioner of Environmental Conservation has been vested with broad powers and duties in relation to our environment to conserve, improve and protect natural resources and environmental and control water, land and air pollution, in order to enhance the health, safety and welfare of the people of the State and their over-all economic and social well being (Environmental Conservation Law, §§ 10, 14, 15). He is also empowered to bring summary action in situations which present imminent danger to the health or welfare of the people of the State or that result in or are likely to result in irreversible or irreparable damage to natural resources (Environmental Conservation Law, § 16). This does not mean that the Commissioner is a necessary or proper party to all litigation involving natural resources and the environment especially when a controversy involves solely private rights, such as the instant matter. In the performance of his statutory obligations and in protection of the public interest, it is probable that the Commissioner may seek and be permitted to intervene in certain actions in which the public interest is clearly an issue.

The order and judgment should be affirmed, without costs.

STALEY, JR., J. P., COOKE, SWEENEY and SIMON, JJ., concur.

Order and judgment affirmed, without costs.