Joseph Jiudice, J.
This is a motion by the plaintiffs for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the affirmative defense and counterclaim asserted by the defendants Alexander et al., upon the ground the same fails to state a cause of action. The plaintiffs further move for an order pursuant to CPLR 3211 (subd [b]) dismissing the "seventh affirmative defense” raised by the defendants Alexander et al., on the ground a defense is neither stated nor does it have merit.
This is an action by the plaintiffs to abate the discharge of untreated or partially treated sanitary sewage emanating from homes in a realty subdivision.
The defendant, Unitized Building Corporation, owned property which it subdivided and upon which residences were constructed. The subdivision map included certain provisions for the disposal of sanitary sewage into Kinderhook Creek from the residential lots through a sewage collection system and treatment plant which was to be erected to serve those persons purchasing homes in the subdivision, as aforesaid. A permit was granted to the defendant Unitized on May 5, 1973, by the New York State Department of Environmental Conservation to operate a waste treatment facility and to discharge waste into the waters of this State.
Apparently, the defendant Unitized failed to comply with the aforesaid permit, abandoned the sewer system which it has erected, thereby allowing partially treated and untreated sanitary sewage to be discharged into the waterway.
The defendants, Alexander et al, are owners of residences *280 in the aforesaid subdivision. It is alleged by the plaintiff that untreated sanitary sewage is being discharged from these residences directly or indirectly into the waters of Kinderhook Creek.
The residential owners, as aforesaid, served an answer in which they set forth two affirmative defenses and a counterclaim against the plaintiffs pursuant to which they demand judgment declaring that the relief sought by the plaintiffs against them constitutes an unconstitutional deprivation of property and further for a judgment directing the plaintiffs to take appropriate action against, the other named defendants for the repair, renovation, reconstruction, maintenance and operation of a proper sewage disposal plant for the subdivision. The affirmative defenses and counterclaim are predicated upon the allegations that the plaintiffs are responsible for the defects in the construction and operation of the sewage treatment plant, that they improperly issued the permit for the construction of the same, that the plaintiffs failed to make required inspections, and failed to require the defendants to comply with the New York State statutes and regulations governing sewer systems. The defendant property owners allege that the plaintiffs are therefore responsible for the defects and that plaintiffs’ action against them in effect is a de facto taking of their property without due process of law.
The Water Pollution Control Law as set forth in article 17 of the Environmental Conservation Law mandates the enforcement thereof by the Department of Environmental Conservation through its commissioner. The Court of Appeals of this State has established that the abatement and prevention of water pollution constitutes a reasonable exercise of the State’s police power (Matter of City of Utica v Water Pollution Control Bd., 5 NY2d 164).
The issuance by the plaintiffs of a permit for the operation and construction of a sewage treatment disposal plant is a discretionary act pursuant to ECL 17-0701. Accordingly, the claim of the defendant owners that the plaintiffs were negligent in the issuance of the permit in the instant case is without merit. The issuance of a permit is not a ministerial act and the issuance of a permit and the imposition of conditions upon the permitted use is not an exercise of power by the Commissioner of Environmental Conservation regarding the obligation of the State of New York to protect private interests of individual property owners as third parties. The *281 Commissioner of Environmental Conservation, in exercising discretion in issuing a permit is exercising a governmental function of a quasi-judicial nature. Therefore, even if the Commissioner of Environmental Conservation, as an agent and employee of this State, erred in issuing a permit to the defendant, Unitized Building Corporation, the State is not liable for the results of the performance of a discretionary act (Van Buskirk v State of New York; 38 AD2d 349).
The defendants, as owners, are seeking by way of counterclaim to compel the plaintiffs to take action against the other defendants to enforce the applicable provisions of the Water Pollution Control Law. It is clear that the plaintiffs, by their amended complaint, have already taken such action. The further claim of the residents that the relief requested by the plaintiffs would constitute a de facto appropriation of their property is likewise without merit. Matter of Charles v Diamond (41 NY2d 318) is dispositive of this issue. The enforcement by the plaintiffs of the Water Pollution Control Law of this State against the defendant property owners does not constitute a de facto appropriation of private property.
Based upon the foregoing, this court determines that the counterclaim asserted by the defendants Alexander et al., against the plaintiffs fails to state a cause of action and the defenses asserted by these defendants must be dismissed on the basis that defenses are neither stated nor do they have merit.
Accordingly, the motion of the plaintiffs is granted in its entirety.