**Doris L. RIVARD**

v.

**CITY OF LEWISTON.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1986.

Decided Oct. 23, 1986.

Robert A. Laskoff, P.A., Charles E. Trainor (orally), Lewiston, for plaintiff.

Rocheleau, Fournier & Lebel, P.A. Ronald P. Lebel (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Doris Rivard appeals from the granting of summary judgment to the defendant City of Lewiston by the Superior Court (Androscoggin County). The court ruled that plaintiff's action was barred by the doctrine of governmental immunity. She argues on appeal that a genuine issue of material fact remains unresolved with regard to the application of the exception to immunity created by 14 M.R.S.A. § 8104(4) (1980). We find as a matter of law that section 8104(4) is not applicable and affirm.

Plaintiff alleges that on April 3, 1981, she was walking on the sidewalk adjacent to Ward's Department Store on Lisbon Street in Lewiston. She caught her foot in a hole in the sidewalk and fell. No construction, cleaning or repair work was underway at the time. Rivard brought an action against the City of Lewiston pursuant to 14 M.R.S.A. § 8104(4) (1980) to recover for her injuries.

The Maine Tort Claims Act reinstated the general shield of governmental immunity subject to limited exceptions. 14 M.R.S.A. § 8103(1) (1980). We have previously determined that the express exceptions are to

be narrowly construed. *Clockedile v. State Department of Transportation,* 437 A.2d 187, 189 (Me.1981).

14 M.R.S.A. § 8104(4), states in relevant part:

§ 8104. **Exceptions to immunity**

A governmental entity shall be liable for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:

. . . . .

4. Arising out of and occurring during the performance of construction, street cleaning or repair operations on any highway, town way, sidewalk ....

The trial court granted summary judgment to the City of Lewiston stating that the injury as well as the negligence must occur during the construction or repair operations. Rivard argues on appeal that section 8104(4) requires only that the negligent act occur during and arise out of construction or repair of the sidewalk. In short, she argues that the City is liable for a negligent act occurring during construction, even though the injury is sustained long after construction is completed. Contrary to plaintiff's assertion, the plain meaning of this statute requires that both the negligence *and* the bodily injury must arise out of and occur during construction, street cleaning or repairs.

The entry is:

Judgment affirmed.

All concurring.