### Josee D. NOEL
### v.
### TOWN OF OGUNQUIT.

Supreme Judicial Court of Maine.

Argued Jan. 18, 1989.
Decided March 14, 1989.

Robert H. Stier, Jr. (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Geoffrey K. Cummings (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Town of Ogunquit (the "Town"), appeals from a judgment entered against it in Superior Court (York County; Fritzsche, J.) following a jury trial. We reject the Town's assertion that the recreational land use statute, 14 M.R.S.A. § 159-A (1980 & Supp.1988) applies to recreational activities conducted on a public beach owned by the Town and serves to bar this action. We affirm the judgment.

The Town of Ogunquit owns and operates Ogunquit Beach. Town regulations posted at the beach prohibited "games of any type" within a clearly-defined restricted area of the beach. Lifeguards who were responsible for enforcing the regulations decided to allow certain games within the restricted area. In July of 1982, the plaintiff, Josee D. Noel, a resident of St. Hilaire, Quebec, Canada, was seriously injured while walking in the restricted area when she was struck from behind by a person playing frisbee.

Mrs. Noel sued the Town under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1988).[1] The court (Brennan, J.) denied the Town's motion to dismiss, or in the alternative, for summary judgment, based on its assertion that the suit was barred under 14 M.R.S.A. § 159–A, the recreational land use statute. Other motions [2] made during and after trial and based on the applicability of that statute were denied by the trial justice. The jury returned a verdict in favor of Mrs. Noel in the amount of $331,000. Because the Town had a $300,000 liability insurance policy, and because 14 M.R.S.A. § 8116 [3] provides that a governmental entity waives the immunity provided by the Tort Claims Act to the extent that it carries liability insurance, up to a sum of $300,000, the judgment was amended and reduced to $300,000.[4] This appeal followed.

The Town concedes that its immunity from suit under the Maine Tort Claims Act has been waived up to $300,000 by virtue of 14 M.R.S.A. § 8116 because the Town procured liability insurance. The Town contends, however, that Mrs. Noel's suit against it is absolutely barred under the provisions of the recreational land use statute, 14 M.R.S.A. § 159–A, and that section 8116 does not operate to eliminate that bar.

14 M.R.S.A. § 159–A(2) and (3) (1980) provide as follows:

2. ... An owner, lessee or occupant of premises shall owe no duty or care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activi-

1. A contract count in the complaint was dismissed and the lifeguards were dismissed as defendants.

2. The Town made motions for a directed verdict and for judgment notwithstanding the verdict, both based in part on 14 M.R.S.A. § 159–A (1980 & Supp.1988), and requested a jury instruction on the applicability of section 159–A.

3. 14 M.R.S.A. § 8116 (Supp.1988) provides in pertinent part as follows:
    The legislative or executive body or any department of the State or any political subdivision may procure insurance against liability for any claim against it or its employees for which immunity is waived under this chapter

or any other law. If the insurance provides protection in excess of the limit of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limit imposed by section 8105. If the insurance provides coverage in areas where the governmental entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage....

4. 14 M.R.S.A. § 8105 (1980 & Supp.1988) provides that damages recoverable against a governmental entity or its employees arising out of a single occurrence shall not exceed $300,000.

ty on these premises to persons entering for those purposes.

3. ... An owner, lessee or occupant who gives permission to another to pursue recreational or harvesting activities on the premises shall not thereby:

A. Extend any assurance that the premises are safe for those purposes;

B. Make the person to whom permission is granted an invitee or licensee to whom a duty of care is owed; or

C. Assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.

"Premises" is defined to include "improved and unimproved lands." 14 M.R.S.A. § 159–A(1)(A) (1980). There is no dispute that if the recreational land use statute applies to governmental land, at the time of her injury Mrs. Noel was engaged in "recreational activities" within the meaning of the statute.[5]

The Town contends that section 159–A applies to publicly as well as privately owned lands because there is nothing in the express and clear language of the statute to suggest that the legislature intended to limit liability for injuries occurring only on privately owned or occupied land. In addition, the Town relies on the language of 14 M.R.S.A. § 8113(1), enacted as part of the Maine Tort Claims Act, which specifically preserves "any immunity or bar to a civil lawsuit under Maine or federal law."

For two compelling reasons, however, we conclude that section 159–A does not apply to publicly owned land. First, the purpose of the recreational land use statute was to encourage owners and occupiers of land to make their land available to the public without charge for recreational activities. *Stanley v. Tilcon Maine, Inc.*, 541 A.2d 951, 953 (Me.1988).[6] When the law was

first enacted in 1961, the common law defense of sovereign immunity served to limit the tort liability of governmental entities. *See Davies v. City of Bath*, 364 A.2d 1269, 1273 (Me.1976). Because governmental entities were generally immune from liability and needed no further incentive to make land available to the public for recreational activities, there was little reason for the legislature to extend the recreational land use statute to public land.

Second, in response to the 1976 decision in *Davies* abrogating the defense of sovereign immunity, the legislature enacted the Maine Tort Claims Act. 14 M.R.S.A. §§ 8101–8118. Under that Act governmental entities are generally immune from tort claims seeking recovery of damages. *See* section 8103(1). The Act does contain some specific exceptions to that general immunity, *see* section 8104,[7] but section 8103(2) provides immunity notwithstanding those exceptions for specific undertakings or functions including town "ownership, maintenance or use of ... land ... designed for use primarily by the public in connection with public outdoor recreation." Section 8103(2)(F)(3).[8] Thus the Maine Tort Claims Act contains its own recreational land use provision specifically providing immunity to governmental entities from tort actions arising from the use of publicly owned land.

The Maine Tort Claims Act "provides the framework for governmental liability in Maine," *Clockedile v. State Dep't of Transportation*, 437 A.2d 187, 188 (Me. 1981), and "[e]very statute must be construed in connection with the whole system of which it forms a part and all legislation on the same subject matter must be viewed in its overall entirety in order to reach an harmonious result which we presume the

---

5. 14 M.R.S.A. §§ 159–A(4)(A)–(C) set out exceptions to the limitation of liability of a landowner, none of which would be applicable here.

6. One commentator observed that the Maine recreational land use statute was "aimed at encouraging public recreational use of *privately-owned* forest and farm lands." Note, 1964 Wis. L.Rev. 705, 705 (1964) (emphasis added).

7. 14 M.R.S.A. § 8104 (1980) has been repealed since the date of Mrs. Noel's injury. P.L.1987, ch. 740, § 3. Its provisions have been replaced by 14 M.R.S.A. §§ 8104–A––8104–D (1988).

8. 14 M.R.S.A. § 8103(2)(F)(3) (1980) has been repealed since the date of Mrs. Noel's injury. P.L.1987, ch. 740, § 1. It has been replaced by 14 M.R.S.A. § 8104–A(2)(A)(3).

Legislature intended." *Finks v. Maine State Highway Comm'n,* 328 A.2d 791, 795 (Me.1974).

As to lands owned by governmental entities, the recreational land use statute must be read in conjunction with the Maine Tort Claims Act. The legislature is presumed to be cognizant of prior statutes dealing with the use of recreational lands and to have a consistent policy and design concerning those lands. *State v. Beck,* 156 Me. 403, 407, 165 A.2d 433 (1960), *appeal dismissed* 367 U.S. 903, 81 S.Ct. 1919, 6 L.Ed.2d 1249 (1961); *see also Delano v. City of South Portland,* 405 A.2d 222, 227 (Me.1979) ("It is our duty to view as one piece of legislation the several statutes governing a particular subject matter ... and, when there is a need for construction, to favor such an interpretation as will, as nearly as possible, make the particular statutes a consistent and harmonious part of a single legislative chart.") Here, if the legislature had intended the recreational land use statute to apply to governmentally-owned lands, there would have been no reason for the legislature to enact section 8103(2)(F)(3) as part of the Maine Tort Claims Act to provide specific immunity to towns for their use of land for recreational purposes.

Because the recreational land use provisions applicable to Ogunquit Beach are those set out in the Maine Tort Claims Act, and not section 159–A, the Town's purchase of the liability insurance operated under 14 M.R.S.A. § 8116 as a waiver of its sovereign immunity to the amount of the $300,000 judgment.

The entry is:

Judgment affirmed.

All concurring.

