David **HARRIS**

v.

**CITY OF OLD TOWN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 12, 1995.
Decided Nov. 29, 1995.

---

David A. Chase, MacDonald & Chase, Bangor, for Plaintiff.

Barbara A. Cardone, Rudman & Winchell, Bangor, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

David Harris appeals from a summary judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) in favor of the City of Old Town. Harris contends the court incorrectly determined that 1) railroad tracks do not qualify as "other machinery or equipment" within the purview of section 8104–A(1)(G) of the Maine Tort Claims Act (MTCA), 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1994),[1] and 2) his claim is barred by the one-year statute of limitations provided in 23 M.R.S.A. § 3655 (1992).[2] We affirm the judgment.

Harris was injured while operating a motorcycle on South Water Street in Old Town as he attempted to cross railroad tracks located on that street. At the time of the accident, Old Town owned the tracks.[3] Approximately two years after the accident, Harris filed the present action against Old Town pursuant to the MTCA alleging that Old Town's negligent maintenance of the tracks caused his injuries. By his two-count complaint, Harris averred that Old Town had waived its immunity pursuant to the MTCA because 1) the tracks constitute machinery or stationary equipment within the provisions of 14 M.R.S.A. § 8104–A(1)(G), and 2) it had procured insurance covering such occurrences. After a hearing on Old Town's motion for a summary judgment, the court determined that the tracks did not come within the waiver of immunity provided in section 8104–A(1)(G); that Harris's complaint stated a claim pursuant to 23 M.R.S.A. § 3655; and that he had failed to comply with the one-year statute of limitations provided in section 3655. Accordingly, the court granted a sum-

---

1. 14 M.R.S.A. § 8104–A (Supp.1994) provides in pertinent part:

    **1. Ownership; maintenance or use of vehicles, machinery and equipment.** A governmental entity is liable for its negligent acts or omissions in its ownership, maintenance or use of any:

    A. Motor vehicle ...;
    B. Special mobile equipment ...;
    C. Trailers ...;
    D. Aircraft ...;
    E. Watercraft ...;
    F. Snowmobiles ...; and
    G. Other machinery or equipment, whether mobile or stationary.

2. 23 M.R.S.A. § 3655 (1992) provides in pertinent part:

    Whoever receives any bodily injury ... through any defect or want of repair ... in any highway [or] town way ... may recover for the same in a civil action, to be commenced within one year from the date of receiving such injury....

3. Old Town purchased the tracks from Maine Central Railroad shortly before this accident took place. Old Town's sole reason for acquiring the tracks was to remove them from the street.

mary judgment in favor of Old Town from which Harris appeals.

Summary judgment can be granted only when there is no genuine issue as to any material fact and any party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). When reviewing the grant of a summary judgment, "we view the evidence in the light most favorable to the party against whom judgment has been granted, and review the trial court decision for errors of law." *Petillo v. City of Portland,* 657 A.2d 325, 326 (Me.1995) (citation omitted).

■ Harris contends that the trial court erred in its determination that his claim did not fall within the provisions of section 8104–A(1)(G) of the MTCA and instead was governed by 23 M.R.S.A. § 3655. Section 8113(2) of the MTCA provides that "[w]hen any other statute expressly provides a waiver of governmental, sovereign or official immunity, the provisions of that statute shall be the exclusive method for any recovery of funds in any fact situation to which that statute applies." In *Clockedile v. State Dept. of Transp.,* 437 A.2d 187 (Me.1981), we interpreted section 8113(2) to provide that when a statute without the provisions of the MTCA waives immunity, recovery pursuant to the provisions of the MTCA is barred unless the complaint states a separate, distinct cause of action within the provisions of the MTCA. *Id.* at 190. Because Harris alleges that the disrepair of the street caused this accident, his complaint on its face states a claim within the purview of 23 M.R.S.A. § 3655. The question remains whether Harris's complaint states a cause of action distinct from that averred pursuant to section 3655, and therefore should have survived Old Town's motion for a summary judgment because Harris successfully complied with the *two-year* statute of limitations provision of the MTCA. 14 M.R.S.A. § 8110 (1980).

Section 8104–A(1)(A)–(F) provides an exception to governmental immunity for negligent acts in the entity's ownership, maintenance or use of certain specified items, and section 8104–A(1)(G) provides an exception when "[o]ther machinery or equipment" is involved. *See supra,* n. 1. We have previously held that

> for a device to come within the meaning of [§ 8104–A(1)(G) ], it must, as a result of its negligent ownership, maintenance or use, create a risk of injury to person or property comparable to the risk created by the negligent ownership, maintenance or use of the specifically enumerated items of machinery and equipment [in § 8104–A(1)(A)–(F) ].

*Petillo,* 657 A.2d at 327 (quoting *McNally v. Town of Freeport,* 414 A.2d 904, 906 (Me. 1980)). For the machinery or equipment at issue to come within the purview of section 8104–A(1)(G), the machinery or equipment must be like the specific items enumerated in section 8104–A(1)(A)–(F). Harris contends that the tracks in the instant case constitute such machinery or equipment. We disagree. Old Town purchased the tracks for the sole purpose of removing them, and the tracks, as owned and maintained by Old Town, are not like the other items listed in section 8104–A(1).[4]

■ Harris also contends that because Old Town's immunity was not waived, the insurance provision of 14 M.R.S.A. § 8116[5] effects a waiver of immunity and provides a distinct cause of action. Harris's reliance on section 8116 is misplaced. First, section 8116 permits recovery for claims for which the governmental entity is immune. The exception to Old Town's immunity for Harris's claim,

---

4. We do not determine whether railroad tracks owned, maintained or used for the purpose of running a train could, under certain circumstances, fall within this provision.

5. 14 M.R.S.A. § 8116 (Supp.1994) provides in pertinent part:

> The legislative or executive body or any department of the State or any political subdivision may procure insurance against liability for any claim against it or its employees for which immunity is waived under this chapter or un-

der any other law. If the insurance provides protection in excess of the limit of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limit imposed by section 8105. If the insurance provides coverage in areas where the governmental entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage.

however, was provided pursuant to 23 M.R.S.A. § 3655, and Harris failed to comply with that section's one-year filing limitation. Thus, the provision of section 8116 that permits recovery "in areas where the governmental entity is immune," is inapplicable. Because Harris's claims against Old Town are based solely on the alleged existence of a passive highway defect and are governed by the provisions of 23 M.R.S.A. § 3655, the trial court properly granted a summary judgment in favor of Old Town. 14 M.R.S.A. § 8113(2); *Clockedile*, 437 A.2d at 190.

The entry is:

Judgment affirmed.

All concurring.