## Helena DICKINSON

v.

## TOWN OF HOULTON.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 7, 1995.

Decided Dec. 29, 1995.

David J. Edgar, Houlton, for Plaintiff.

Frank H. Bishop, Sr., Stevens, Engels, Bishop & Sprague, Presque Isle, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Helena Dickinson appeals from a summary judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) dismissing her suit on the basis that 23 M.R.S.A. § 3658 [1] (1992) grants immunity to the Town of Houlton for her damages resulting from a fall on an icy sidewalk. Dickinson contends that pursuant to 14 M.R.S.A. § 8116 (Supp. 1994) the Town's purchase of liability insurance acts as a waiver of that immunity. We affirm the judgment.

■ In March of 1992 Dickinson slipped and fell on an icy sidewalk in Houlton. She

---

1. 23 M.R.S.A. § 3658 provides:

No town is liable to an action for damages to any person on foot on account of snow or ice on any sidewalk or crosswalk nor on account of the slippery condition of any sidewalk or crosswalk.

maintains that the Town negligently allowed snow and ice to freeze in place overnight, and that the town's negligence was the proximate cause of her injuries. Because we are reviewing the grant of a summary judgment we view the evidence in the light most favorable to the party against whom judgment has been granted, and review the trial court's decision for errors of law. *Petillo v. City of Portland,* 657 A.2d 325, 326 (Me.1995).

Section 8116 of the Maine Tort Claims Act provides that any governmental entity may procure insurance to protect itself in a case where its immunity is waived, whether by a provision of the Act or by "any other law." Dickinson's claim does not fall within this part of section 8116 because 23 M.R.S.A. § 3658 is not a provision of either the Act or "any other law" that waives immunity. Rather, section 3658 is a provision of another law that asserts immunity.

Section 8116 also waives immunity if the entity has purchased insurance. Dickinson's claim does not come within this portion of section 8116 because its scope is limited to immunity that is derived from the Act. *See Noel v. Town of Ogunquit,* 555 A.2d 1054, 1057 (Me.1989). To interpret section 8116 as Dickinson urges, we would have to ignore section 8113 of the Act, which states:

> Except as expressly provided herein, nothing in this chapter shall enlarge or otherwise adversely affect the liability of an employee or a governmental entity. Any immunity or other bar to a civil lawsuit under Maine or federal law shall, where applicable, remain in effect.

14 M.R.S.A. § 8113 (1980). When interpreting a statute, we should preserve the meaning of all of its constituent parts. *Central Maine Medical Ctr. v. Maine Health Care Fin. Comm'n,* 644 A.2d 1383, 1386–87 (Me. 1994). The Legislature may define circumstances where governmental entities will possess greater immunity than as set forth in the Maine Tort Claims Act. Because the immunity of section 3658 is not pursuant to the Maine Tort Claims Act, Houlton's general liability policy does not cause a waiver of that immunity.

The entry is:

Judgment affirmed.

All concurring.