STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-140

GAB - YOR-3/1/2004

LYNN HUBBARD BERNARD,

Plaintiff

v.

TOWN OF NORTH BERWICK,

Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAR 8 2004

Before this court is Defendant, Town of North Berwick's Motion for Summary Judgment, pursuant to M. R. Civ. P. 56(c). In addition, before this court is Defendant, Town of North Berwick's Motion to Strike Affidavit Submitted in Opposition to Summary Judgment and Plaintiff, Lynn Hubbard Bernard's Motion to Supplement the Record. For reasons stated below, the Motion for Summary Judgment will be Granted.

FACTS

Plaintiff, Lynn Hubbard Bernard is a resident of an apartment building located on the northerly side of Portland Street in North Berwick, Maine. On or about December 12, 2000, Plaintiff was outside of her apartment during a storm when one of the large stems of a sugar maple tree fell and crushed her. As a result of being crushed by the tree stem, Plaintiff sustained multiple injuries and extensive medical and hospital bills. In addition, Plaintiff has been unable to work since the date of the accident, and has sustained lost wages. Accordingly, on May 20, 2002, Plaintiff filed a Complaint in York County Superior Court. In response, Defendant Town of North Berwick filed a

Motion for Summary Judgment and a subsequent Motion to Strike Affidavit of James Bacon. Consequently, Plaintiff also filed a Motion to Supplement the Record.

## DISCUSSION

### A. Defendant's Motion for Summary Judgment

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

Defendant argues that it is entitled to summary judgment on the basis of the Highway Defect Act. See 23 M.R.S. §§ 3651-55 (2003). More specifically, Defendant argues that the Highway Defect Act exclusively governs the Plaintiff's claim. The Law Court has held that "the highway defects statute was intended to cover the whole subject and provided the sole and exclusive remedy in such a case as the one presented here." Dugan v. City of Portland, 174 A.2d 660, 661 (Me. 1961) (quotations omitted) (holding that a motion to dismiss, based on a claim by a Plaintiff who tripped over spikes protruding from a railroad tie used as a retaining wall in a sidewalk, maintained by the defendant municipality, was appropriate.)

Plaintiff, however, asserts that Maine Tort Claims Act ("MTCA") is applicable to this case. See Clockedile v. State of Maine Department of Transportation, 437 A.2d 187,

2

190 (Me. 1981).[1] Specifically, Plaintiff argues that Defendant owed a duty to her "to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of the tree." (Complaint at ¶ 9.) Despite this contention, however, this court finds that Plaintiff fails to cite to a contract, permit or theory whereby this duty is created. See Clockedile, 437 A.2d at 190. Consequently, the MTCA is inapplicable to the facts presented, and the exclusive remedy for Plaintiff is pursuant to the Highway Defect Act. See 14 M.R.S.A. § 8113(2) (2003).

In the case at bar, the Highway Defect Act establishes immunity in regard to trees. Specifically, the Highway Defect Act provides that "[t]rees, structures and other things which exist in accordance with municipal ordinances are not defects in a public way." 23 M.R.S. § 3651(1) (2003). Here, the Plaintiff was injured when a tree limb fell on top of her. As a result, this court finds that Plaintiff is unable to recover under the Highway Defect Act.

Thus, the remaining question is whether Defendant's purchase of liability insurance acts as a waiver of its immunity established under the Highway Defect Act. See 14 M.R.S.A. § 8116 (2003). The Law Court has held that a similar claim brought pursuant to 23 M.R.S.A. § 3658[2] did not fall within 14 M.R.S.A. § 8116, because "23 M.R.S.A. § 3658 is not a provision of either the Act or any other law that waives immunity. Rather, section 3658 is a provision of another law that asserts immunity." Dickinson v. Town of Houlton, 669 A.2d 176, 177 (Me. 1995) (quotations omitted).

---

[1] The Law Court held that the Plaintiffs had not only alleged the existence of a highway defect as the basis for their suit, but also "a duty on the part of the Town to protect travelers from the highway defect by posting signs, lights and traffic officers and the Town's breach of that duty." Clockedile, 437 A.2d at 190.

[2] "No town is liable to an action for damages to any person on foot on account of snow or ice on any sidewalk or crosswalk nor on account of the slippery condition of any sidewalk or crosswalk." 23 M.R.S. § 3658 (2003).

3

Therefore, since § 3651 "is not a provision of either the Act or any other law that waives immunity" and "[b]ecause the immunity . . . is not pursuant to the Maine Tort Claims Act," Defendant's liability policy does not act as a waiver of its immunity, pursuant to § 8116. Dickinson, 669 A.2d at 177 (quotations omitted).

## B. Defendant's Motion to Strike

Based on the above determinations, this court finds that it is unnecessary for it to address Defendant's Motion to Strike.

WHEREFORE, this court **GRANTS** Defendant's Motion for Summary Judgment, pursuant to M. R. Civ. P. 56(c).

Dated: March __/__, 2004

G. Arthur Brennan
Justice, Superior Court

Kenneth R. Clegg, Esq. - PL
Frederick C. Moore, Esq. - DEF (TOWN OF NORTH BERWICK)
Mark G. Lavoie, Esq. - DEFS (ANITA WEIDKNECHT & GEORGE FRENCH)

4