STATE OF MAINE

AROOSTOOK, ss

SUPERIOR COURT
CIVIL ACTION
DOC. NO. CARSC-CV-16-058

SHELLY BOLSTRIDGE, as Parent )
    Guardian, and Next Friend of )
    CASSANDRA BOLSTRIDGE, )
    PLAINTIFF )
     )
vs. )
     )
     )
     )
STATE OF MAINE DEPARTMENT )
    OF TRANSPORTATION )
    DEFENDANT )

ORDER ON
DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

Before the Court is defendant's, the Maine Department of Transportation (MDOT)
Motion for Summary Judgment pursuant to Me. R. Civ. P. 56. Hearing was held October
24, 2016. For the following reasons, Defendant's motion is granted.

## UNDISPUTED FACTS

Plaintiff has admitted each and every material fact submitted by the
defendant. The facts can be summarized as follows. On May 16, 2015, Cassandra
Bolstridge was driving west on the Grendell Road in Chapman, Maine. The road ends at
a "T" intersection. Although there was a stop sign at the intersection, Ms. Bolstridge did
not see it and drove directly through the intersection into a wooded area, and sustained
injuries. At one time there was a sign indicating that Grendell Road ended in a "T"
intersection, but the sign had previously been knocked over and was awaiting repair. Had
MDOT replaced the sign prior to May 16,2015, Ms. Bolstridge would have understood
that the road ended and would not have driven into the wooded area. MDOT is self
insured through the State of Maine's Risk Management Division and has not purchased
commercial insurance that would provide coverage for plaintiff's claims.

## DISCUSSION

A party is entitled to summary judgment when the record shows that there is no
genuine issue of material fact and the party is entitled to judgment as a matter of law.
M.R. Civ. P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d
877, 879. To survive a motion for a summary judgment, the opposing party must
produce evidence that, if produced at trial, would be sufficient to resist a motion for a
judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926.

1

"'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial. *Kenny v. Dep't of Human Services*, 1999 ME 158, ¶ 3, 740 A.2d 560, 562.

Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in a light most favorable to the non-moving party. *See Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶11, 718 A.2d 186.

The issue for the Court is whether the Plaintiff can maintain a separate and distinct cause of action under the Maine Tort Claims Act ("MTCA") such that her negligence action survives summary judgment review. As a general premise, the MTCA immunizes "all governmental entities . . .from suit on any and all tort claims seeking recovery of damages" and provides the general framework for governmental liability in Maine. 14 M.R.S. Section 8103. The MTCA provides four limited exceptions to this immunity. 14 M.R.S. § 8104-A(1)–(4). Plaintiff argues that two of those exceptions apply[1]:

4. Road construction, street cleaning or repair. § 8104-A(4); and

1. Ownership; maintenance or use of vehicles, machinery and equipment; G. other machinery or equipment. § 8104-A(1)(G).

Section 8104-A(4) states:

*A governmental entity is liable for its negligent acts or omissions arising out of and occurring during the performance of construction, street cleaning or repair operations on any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of those ways including, but not limited to, street signs, traffic lights, parking meters and guardrails. A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto.*

For the exception to apply, the negligent act or omission must have occurred **during** the performance of some construction, cleaning or repair operation or activity. Plaintiff suggests that the repair operations were "ongoing", in that it had a duty to make repairs or replace signs in a timely fashion. This argument fails for a couple of reasons.

---

[1] The parties are apparently in agreement the other exceptions are not applicable, and are also in agreement that there is no limited waiver of immunity arising from the procurement of insurance pursuant to 14 M.R.S. § 8116 as MDOT is self insured and has not purchased commercial insurance that would provide coverage for the plaintiff's claims.

First, the last sentence of clearly states that a government entity is not liable for "...any defect, lack of repair...". Plaintiff's argument is that MDOT had not timely repaired or replaced a sign, which is "lack of repair.".

Second, the Law Court has addressed the issue of timing of the injury, with respect to the term "during", and made it clear *the injury must occur during the performance of repair operations....both the governmental entity's negligence and the resulting injury to the claimant must occur during the course of construction, street cleaning, or repairs at issue.* Rice v. City of Biddeford, 2004 ME 128, P.11; see also Rivard v. City of Lewiston, 516 A.2d 555,556 (Me.1986). Accordingly, the Court finds that there is no exception to immunity pursuant to Section 8104-A(4).

Section 8104-A(1)(G) states:

*A governmental entity is liable for its negligent acts or omissons in its ownership, maintenance, or use of any: G. other machinery or equipment, whether mobile or stationary.*

Plaintiff argues a road sign is device or piece of equipment necessary for traffic control and safety. This argument also fails. In Harris v. City of Old Town, 667 A.2d 611, the Law Court stated *For the machinery or equipment at issue to come within the purview of Section 8104-A(1)(G), the machinery or equipment must be like the specific items enumerated in section 8104-A(1)(A)-(F).* In Harris it was a set of railroad tracks owned by the City at issue which clearly was not of the kind listed in subsections A through F. In this case it is a "knocked over sign awaiting repair", which similarly is not the kind of equipment as listed in section 8104-A(1)(A) –(F); the sign is not a motor vehicle, special mobile equipment, trailer, aircraft, watercraft or snowmobile, all being items capable of transportation. See New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, P.6-11. Accordingly, the exception to immunity pursuant to section 8104-A(1) does not apply either.

The entry is: Defendant MDOT's M.R.Civ. P. 56 Motion for Summary Judgment filed on June 9, 2016 is **GRANTED**, and this Order is to be incorporated into the docket pursuant to M.R.Civ. P. 79(a).

Dated: October 25, 2016

Justice, Superior Court

3

| | Attorney | Party | ^ Representation Type | Representation D |
|---|---|---|---|---|
| | Taub, Christopher | Department Of Transportation - 2 Defendant | Retained | 03/18/2016 |
| | Trask, Norman | Shelly Bolstridge - 1 Plaintiff | Retained | 05/13/2016 |