**Richard T. McNALLY**

v.

**The TOWN OF FREEPORT.**

Supreme Judicial Court of Maine.

Argued March 6, 1980.

Decided May 23, 1980.

Ross A. Kimball (orally), Ralph A. Dyer, III, Portland, for plaintiff.

F. Paul Frinsko (orally), Portland, for Town of Freeport.

James G. Palmer, Brunswick, for G. Schofield.

John W. McCarthy, Asst. Atty. Gen., Augusta, for Carol Dunphey, R.N.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

GLASSMAN, Justice.

The plaintiff, Richard McNally, appeals from an order of the Superior Court, Cumberland County, dismissing his complaint against the defendant, Town of Freeport. The Town had predicated its motion to dismiss on the ground that it was immune from suit under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118. As his sole ground for appeal, the plaintiff contends that 14 M.R.S.A. § 8104(1)(G) permits an action against the Town for the negligence of its employee, Carol Dunphey, in performing a blood test on the plaintiff. We affirm the judgment of dismissal.

From a reading of the plaintiff's complaint, it appears that at 1:00 a. m. on August 17, 1978, Officer Schofield of the Freeport Police Department arrested the plaintiff on Route 1 in the Town of Freeport for the offense of operating a motor

vehicle under the influence of intoxicating liquor, 29 M.R.S.A. § 1312. The plaintiff was placed in Officer Schofield's cruiser and taken to the Cumberland County Jail where he was fingerprinted, photographed and administered a blood test by Carol Dunphey, who it is alleged was employed by the Town of Freeport as its agent to obtain the blood. The complaint further alleges:

> Defendant Dunphey, while acting within the scope of her authority, did withdraw blood from the arm of the Plaintiff in a negligent or intentional manner so as to cause injury to the Plaintiff.

Having apparently complied with the notice provision of the Maine Tort Claims Act, see 14 M.R.S.A. § 8107, the plaintiff filed a complaint in the Superior Court on April 4, 1979. In Count I of his complaint, the plaintiff sought $2,500 in compensatory damages from Officer Schofield and the Town on the ground that the police officer, while acting within the scope of his employment, had negligently allowed the plaintiff's automobile to be left unprotected on Route 1 and as a result the plaintiff had suffered emotional distress and had lost money from a wallet left in the vehicle. In Count II of the complaint, the plaintiff sought $10,000 in damages from Dunphey and the Town. Both Dunphey and Schofield answered, and the police officer filed a counterclaim for defamation and abuse of process. The Town moved to dismiss on the ground that it was immune from suit under 14 M.R.S.A. § 8103. This motion was granted without opinion, and the complaint as to the Town was dismissed. The plaintiff then appealed to this Court.[1]

The plaintiff concedes that liability cannot be imposed upon the Town because of the alleged acts of Officer Schofield and that as to Count I of the complaint the action of the Superior Court was proper. Our concern, therefore, is solely with Count II of the complaint.

1. The judgment as to the Town was final, pursuant to an order issued in accordance with M.R.Civ.P. 54(b).

2. 14 M.R.S.A. § 8103(1) provides in pertinent part:

In support of the Superior Court's ruling, the Town first asserts that as a matter of law it cannot be held liable for the alleged negligence of Carol Dunphey because she was an independent contractor and not an agent of the Town. See 14 M.R.S.A. § 8102(1). This contention must be rejected. The complaint alleges that Carol Dunphey is an agent of the Town, and it is axiomatic that all material allegations are to be taken as admitted for the purpose of ruling on a motion to dismiss. E. g., Harmon v. Harmon, Me., 404 A.2d 1020, 1021 (1979). See generally 1 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 12.11 (1970). Thus, for the purpose of ruling on the Town's motion to dismiss, the Superior Court was obliged to accept as true the allegation that Dunphey was an agent of the Town.

The Town's second argument is that the withdrawal of blood with a hypodermic syringe does not fall within the exclusions from the broad grant of governmental tort immunity conferred by Section 8103(1).[2] Section 8104 creates exceptions to this immunity and provides in pertinent part:

> A governmental entity shall be liable for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
>
> 1. In its ownership, maintenance or use of any:
>
> A. Motor vehicle . . . ;
>
> B. Special mobile equipment . . ;
>
> C. Trailers . . . ;
>
> D. Aircraft . . . ;
>
> E. Watercraft . . . ;
>
> F. Snowmobiles . . . ; and
>
> G. *Other machinery or equipment,* whether mobile or stationary . . . .. (Emphasis added).

Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.

The plaintiff contends that a hypodermic syringe constitutes "[o]ther machinery or equipment" within the meaning of Section 8104(1)(G). We have no hesitancy in rejecting this argument. For the purposes of this case, it is unnecessary for us to develop a comprehensive definition of what the legislature intended by its use of the phrase "[o]ther machinery or equipment" in § 8104. All definitions are perilous. Particularly since the legislative history of this statute is far from clear,[3] we hesitate to announce an all-inclusive construction of one of its major provisions. It is sufficient to note that for a device to come within the meaning of § 8104(1)(G) it must, as a result of its negligent ownership, maintenance or use, create a risk of injury to person or property comparable to the risk created by the negligent ownership, maintenance or use of the specifically enumerated items of machinery and equipment.

Although the complaint does not allege with what instrument the blood was drawn, it was assumed by the parties and by the Superior Court that an ordinary hypodermic syringe was used. This assumption is not unwarranted based on ordinary experience. Since at oral argument there was no suggestion that the plaintiff could allege the blood was drawn with some device which would fall within the statutory definition of "[o]ther machinery or equipment," there is no reason to allow the plaintiff an opportunity to amend his complaint.

The entry is:

Judgment of dismissal affirmed.

All concurring.

**3.** *Compare* the statement of Senator Collins, "The chief areas in which liability is opened are with respect to motor vehicles and other types of vehicles *and equipment.*", 108th Leg.Rec. 71 (Senate, January 27, 1977) (emphasis added), *with* the statement of Senator Conley, "A student injured in a shop class can recover damages from the school if the injury was caused by a poorly maintained *power saw*, but not if caused by a mislabeled jar of chemicals." *Id.* at 72 (emphasis added).