Constance **BROOKS**

v.

**AUGUSTA MENTAL HEALTH INSTITUTE et al.**

Supreme Judicial Court of Maine.

Argued March 5, 1992.

Decided April 22, 1992.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Dennis Levandoski (orally), Lowry & Associates, Portland, for plaintiff.

Linda Sibery Crawford (orally), Asst. Atty. Gen., Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Plaintiff Constance Brooks, individually and as the personal representative of the estate of Cheryl Williams, deceased, appeals from the judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) contending that the trial court erroneously dismissed her complaint against the defendants, the State of Maine, the Augusta Mental Health Institute (AMHI), the Commissioner of Mental Health and Mental Retardation, and three AMHI employees. We affirm the judgment.

Cheryl Williams, a voluntary patient at AMHI, died as a result of injuries received from jumping out the exit door of a moving bus while part of a group of patients on an outing to Augusta under the supervision of the three AMHI employees. Brooks, the decedent's mother, instituted the present action against the defendants seeking damages for the alleged wrongful death and pain and suffering of the decedent and, pursuant to 42 U.S.C. § 1983 (1981),[1] for the deprivation of the decedent's constitutional rights. After a hearing, the court granted the defendants' motion to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6) on the ground that the complaint failed to state a cause of action against the

defendants within any statutory provision of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8102–8118 (1980 & Supp.1991), or within the provisions of section 1983. Brooks appeals.

■ Brooks first contends that her claim against the defendants is not barred by statutory immunity. Although Brooks concedes that the State and AMHI are covered by the sovereign immunity provisions of 14 M.R.S.A. § 8103(1) (1980),[2] she argues that her claim falls into the statutory exception for "[a governmental entity's] negligent acts or omissions in its ownership, maintenance or use of any ... [m]otor vehicle." *See* 14 M.R.S.A. § 8104–A (Supp.1991).

■ "[A] complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Richard v. Ellis*, 233 A.2d 37, 38 (Me.1967) (quoting 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 12.08 (2d ed. 1985)). We strictly construe any exception to governmental immunity. *Clockedile v. State Dep't of Transp.*, 437 A.2d 187, 189 (Me.1981). A careful review of the allegations of Brooks's complaint reveals that the gravamen of her claim is not the defendants' negligent operation, use or maintenance of the bus, but the monitoring and supervision of the decedent by the AMHI employees while the decedent was riding on the bus. Under no reasonable analysis of Brooks's claim would the conduct of any of the defendants amount to negligence in the ownership, maintenance or use of a motor vehicle. *Cf. Jensen v. Augusta Mental Health Inst.*, 574 A.2d 885, 886 (Me.1990); *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 424 (Me.1987).

---

**1.** 42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress.

**2.** 14 M.R.S.A. § 8103(1) provides, in pertinent part:

**1. Immunity.** Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.

■ Brooks also contends that the State employees in this case are not protected by immunity despite the provisions of 14 M.R.S.A. § 8111(1)(C) (Supp.1991).[3] It is unclear from the complaint whether Commissioner Glover is sued in his official capacity or in his individual capacity. If the claim is against Commissioner Glover in his official capacity, he is, as is the State, protected by sovereign immunity. *See Drake v. Smith,* 390 A.2d 541, 543–44 (Me. 1978). If the claim is against Commissioner Glover personally, he is protected by the discretionary function immunity provided in section 8111(1)(C) since the only claim against him is that he failed to adequately perform his statutory duties in training or supervising his employees. *See Darling,* 535 A.2d at 425. The only issue raised by Brooks's complaint as to the three AMHI employees is whether these employees were negligent in the supervision of the decedent. Because it involves the exercise of the individual employee's professional judgment, the supervision of patients by State mental health employees also falls within the discretionary function immunity provisions of section 8111(1)(C). *Cf. id.* at 428.

■ Finally, Brooks contends that her complaint states a cause of action against the state employees pursuant to 42 U.S.C.A. § 1983. To establish a violation of section 1983, a plaintiff must show a violation of the plaintiff's federal constitutional or statutory rights by a person acting under color of state law. There are no allegations in Brooks's complaint that Commissioner Glover had any personal involvement with the decedent or the circumstances giving rise to Brooks's complaint or acted in any capacity other than the Commissioner of Mental Health and Retardation. The law is well established that a suit against Commissioner Glover in his official capacity "is not a suit against the official but rather is a suit against the official's office [and] [a]s such, it is no different from a suit against the State itself" and is not subject to liability under section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).

■ Although there is no dispute that the three AMHI employees were acting under color of state law, Brooks also failed to state a claim against the AMHI employees. The allegations in her complaint of negligence by these defendants does not constitute a deprivation of any interest protected by the due process clause. *See Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1985) ("To hold that [lack of due care] is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."). The obligation, if any, of the AMHI employees to protect the decedent, a voluntary patient at AMHI, is derived from state law. As the United States Supreme Court has emphasized, the "Due Process Clause ... does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 202, 109 S.Ct. 998, 1007, 103 L.Ed.2d 249 (1989) (citing, *inter alia, Daniels,* 474 U.S. at 335–36, 106 S.Ct. at 667).

Based on the allegations in Brooks's complaint, the trial court properly determined

---

3. 14 M.R.S.A. § 8111(1)(C) provides:

    **1. Immunity.** Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:

    ....

    **C.** Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid[.]

    ....

The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all governmental employees, including police officers and governmental employees involved in child welfare cases, who are required to exercise judgment or discretion in performing their official duties.

there was no set of facts that would entitle Brooks to relief against the defendants pursuant to the Maine Tort Claims Act or section 1983 and properly granted the dismissal of Brooks's complaint. *See Richard v. Ellis,* 233 A.2d at 38.

The entry is:

Judgment affirmed.

All concurring.