### Gavin PETILLO

v.

### CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1995.

Decided April 13, 1995.

James J. MacAdam, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for plaintiff.

John E. Sedgewick, Paul F. Macri, Berman & Simmons, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff, Gavin Petillo, appeals from a judgment entered in the Superior Court (Cumberland County, *Alexander, J.*) in favor of defendant, the City of Portland (the City). Plaintiff argues that the court erred in finding the City immune from liability pursuant to the Maine Tort Claims Act, 14 M.R.S.A. § 8101 *et seq.* (1980), (the Act). Finding no error, we affirm the judgment.

Plaintiff filed an action for negligence against the City, as owner and operator of the Riverside Golf Course, for injuries allegedly sustained as a result of being struck by water from an automatic watering system. The City successfully moved for a summary judgment on the ground that it is immune from liability pursuant to the Act. Plaintiff appeals.

■ When reviewing a grant of summary judgment, we view the evidence in the light most favorable to the party against whom judgment has been granted, and review the trial court decision for errors of law. *Cushman v. Tilton*, 652 A.2d 650, 651 (Me.1995). We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *Id.*

■ In this case, the question is one of law. The Act provides that governmental entities are immune from suit on tort claims, 14 M.R.S.A. § 8103(1) (1980), subject to specific, limited exceptions, § 8104–A (Supp. 1994). *See also Darling v. Augusta Mental*

*Health Inst.*, 535 A.2d 421, 424 (Me.1987). The exceptions to governmental immunity in the Act are strictly construed. *Lovejoy v. State*, 544 A.2d 750, 751 (Me.1988); *Darling*, 535 A.2d at 424. In finding that the City was immune from liability, the court applied section 8104–A(2)(A)(3):

> 2. **Public buildings.** A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building. Notwithstanding this subsection, a governmental entity is not liable for any claim which results from:
>
> A. The construction, ownership, maintenance or use of:
>
> .      .      .      .      .
>
> (3) Land, buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation;  ....

Both the City and the court assume that the watering system is covered by the public building exception, and thus the judgment focuses on the exclusion for facilities used in public outdoor recreation. Without ruling on the validity of the assumption, we conclude that the court did not err in construing the public recreation clause. Even if the watering system is an appurtenance to a public building, the golf course is a facility designed for public recreational use. Plaintiff claims that the watering system was negligently turned on and that this led to his injuries. Testing or use of the system is part of the maintenance of a public golf course.

■ Plaintiff argues, however, that the claim does not arise under the exception for public buildings and appurtenances. Rather, he argues that liability exists under section 8104–A(1)(G):

> 1. **Ownership; maintenance or use of vehicles, machinery and equipment.** A governmental entity is liable for its negligent acts or omissions in its ownership, maintenance or use of any:
>
> A. Motor vehicle ...;

> B. Special mobile equipment ...;
>
> C. Trailers ...;
>
> D. Aircraft ...;
>
> E. Watercraft ...;
>
> F. Snowmobiles ...; and
>
> G. Other machinery or equipment, whether mobile or stationary.

In *McNally v. Town of Freeport*, 414 A.2d 904, 906 (Me.1980), we stated "that for a device to come within the meaning of § 8104(1)(G) it must, as a result of its negligent ownership, maintenance or use, create a risk of injury to person or property comparable to the risk created by the negligent ownership, maintenance or use of the specifically enumerated items of machinery and equipment."[1] We reject plaintiff's contention that the negligent use of irrigation equipment meets this test. A watering system on a golf course does not create a risk of injury comparable to the risk created by the use of the items enumerated in section 8104–A(1).

The court did not err in finding the City immune from liability.

The entry is:

Judgment affirmed.

All concurring.

---

1. Section 8104(1)(G) is substantially the same as the current version of the statute at section 8104–A(1)(G).