J.R.M., INC., et al.

v.

CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1995.
Decided Dec. 26, 1995.

Mark E. Dunlap (orally), Anne M. Carney, Norman, Hanson & Detroy, Portland, for Appellant.

Kevin G. Libby (orally), John J. Wall, III, Monaghan, Leahy, Hochadel & Libby, Portland, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

The City of Portland appeals from an order of the Superior Court (Cumberland County, *Bradford, J.*) denying its motion to dismiss the third-party complaint on the ground of sovereign immunity pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1994). J.R.M., Inc., et al. (the Owners) move, pursuant to M.R.Civ.P. 75B(c), to dismiss the City's appeal contending that the order appealed from is not a final judgment. We deny the Owners' motion to dismiss the appeal, vacate the order denying the City's motion to dismiss the third-party complaint, and remand for entry of an order granting the City's motion to dismiss.

As a result of a fire at the Owners' multi-unit residential building located at 215 Congress Street in Portland four people were killed. Three separate lawsuits against the Owners were commenced as a result of the deaths. The Owners brought these third-party claims against the City for indemnification and contribution alleging that about a week prior to the fire members of the Portland Fire Department, in response to a false alarm, entered the building and disconnected the fire protection system, failed to reset it, and failed to properly notify the Owners that the system had been disconnected. The Owners allege that by shutting down the fire protection system and failing to properly notify them, the City committed "negligent acts or omissions in [the] ... use of ... machinery or equipment" within the meaning of 14 M.R.S.A. § 8104–A(1)(G) (Supp.1994).

### I. *Motion to Dismiss the Appeal*

■ We recognize the final judgment rule as a prudential one, designed to prevent piecemeal appeals. *Ryan v. City of Augusta,* 622 A.2d 74, 76 (Me.1993). We have consistently held, however, that the denial of a motion for a summary judgment based on a claim of immunity is immediately reviewable pursuant to an exception to the final judgment rule.[1] *Hebert v. International Paper Co.,* 638 A.2d 1161, 1162 (Me.1994) (defendant claimed immunity provided by Worker's Compensation Act); *Ryan v. City of Augusta,* 622 A.2d at 75 (defendant claimed qualified immunity in section 1983 suit); *Polley v. Atwell,* 581 A.2d 410, 412–13 (Me.1990) (defendant DHS caseworker claimed immunity provided by the Maine Tort Claims Act); *Lord v. Murphy,* 561 A.2d 1013, 1015 (Me. 1989) (defendant DHS social workers claimed immunity provided by the Maine Tort Claims Act). In the instant case, the City moved to dismiss the Owners' claim prior to the summary judgment stage. We must, therefore, decide whether the exception is as applicable here as it is at the summary judgment stage.

The Owners correctly argue that if we do not hear this appeal now the City may test the legal sufficiency of the complaint with a motion for a summary judgment. While this may be true, it is not the end of our inquiry. The position of the Owners must be balanced against that of the City, that its immunity is from suit, not merely from trial. In *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985), the United States Supreme Court stated that the consequences with which immunity is concerned are not limited to liability for money damages. The Court reasoned that "even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 817, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Because the City will irreparably lose its protection from the burdens of pretrial matters such as discovery, and because unlike the circumstances in *Webb v. Haas,* 665 A.2d 1005, 1010–11 (Me. 1995), the immunity issue in this case, depending as it does on the construction of 14

---

1. Although we have previously stated that a denial of a motion for summary judgment pursuant to a claim of immunity falls within the collateral order exception, *see Polley v. Atwell,* 581 A.2d 410, 412–13 (Me.1990) and its progeny, we believe it is more appropriately described as falling within the "death knell" exception. *See Myerowitz, P.A. v. Howard,* 507 A.2d 578, 580 (Me.1986).

M.R.S.A. § 8104–A(1)(G), may be determined on the basis of the pleadings alone, this appeal does fall within an exception to the final judgment rule.

## II. *Standard of Review*

For purposes of a 12(b)(6) motion, the material allegations of the complaint must be taken as admitted. *McAfee v. Cole*, 637 A.2d 463, 465 (Me.1994). We examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* A dismissal should only occur when it appears "beyond doubt that a plaintiff is entitled to no relief under any set of facts that [the plaintiff] might prove in support of [the plaintiff's] claim." *Id.* (quoting *Hall v. Board of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

## III. *The City's Motion to Dismiss*

The Owners in this case concede that they seek contribution for claims arising solely from the failure of a fire protection system to warn the tenants of the building. Section 8104–A of the Act excepts specified actions of a governmental entity from the general blanket of immunity provided by section 8103.[2] As we recognized in *McNally v. Town of Freeport*, 414 A.2d 904, 906 n. 3 (Me.1980), the legislative history of section 8104–A(1)(G) is unclear and we should be wary of announcing an all-inclusive definition.[3] Furthermore, we strictly construe any exception to governmental immunity. *Brooks v. Augusta Mental Health Inst.*, 606 A.2d 789, 790 (Me.1992). Our interpretation of what constitutes "other machinery or equipment" appears in *McNally*. There, we stated:

It is sufficient to note that for a device to come within the meaning of § 8104[–A](1)(G) it must, as a result of its negligent ownership, maintenance or use, create a risk of injury to person or property comparable to the risk created by the negligent ownership, maintenance or use of the specifically enumerated items of machinery and equipment.

*McNally*, 414 A.2d at 906. In other words, for the fire protection system to come within this exception, the risk that would result from its negligent "ownership, maintenance or use" must be comparable to the risk that results from the negligent "ownership, maintenance or use" of a car, aircraft, snowmobile, etc.

We have previously held that neither a hypodermic syringe, *McNally*, 414 A.2d at 906, nor a golf course sprinkler system, *Petillo v. City of Portland*, 657 A.2d 325, 327 (Me.1995), are "other machinery or equipment" within the meaning of section 8104–A(1)(G). Consistent with our approach to the interpretation of section 8104–A(1)(G) we conclude that a fire protection system is not "other machinery or equipment" within the meaning of the Act. Because the fire department's alleged actions do not fall within an exception to immunity the City is immune to the claim of the Owners.

The entry is:

Judgment vacated. Remanded for the entry of an order dismissing the third-party complaint.

All concurring.

---

**2.** Section 8104–A states, in pertinent part:

Except as specified in section 8104–B, a governmental entity is liable for property damage, bodily injury or death in the following instances.

**1. Ownership; maintenance or use of vehicles, machinery and equipment.** A governmental entity is liable for its negligent acts or omissions in its ownership, maintenance or use of any:

**A.** Motor vehicle ...;
**B.** Special mobile equipment ...;
**C.** Trailers ...;
**D.** Aircraft ...;
**E.** Watercraft ...;
**F.** Snowmobiles ...;
**G.** Other machinery or equipment, whether mobile or stationary.

**3.** In *McNally* the section in question was 8104(1)(G). That section is substantially the same as the current version, section 8104–A(1)(G). *See Petillo v. City of Portland*, 657 A.2d 325, 327 n. 1 (Me.1995).