**PEOPLES HERITAGE SAVINGS BANK**

v.

**Gary J. THERIAULT, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1995.

Decided Feb. 16, 1996.

Philip K. Jordan, Jordan & Mahe, Houlton, for Plaintiff.

Francis E. Bemis, Hardings Law Offices, Presque Isle, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Gary J. Theriault and Ann Theriault appeal from a summary judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) in favor of Peoples Heritage Savings Bank (Peoples) on its complaint seeking foreclosure of a mortgage pursuant to 14 M.R.S.A. §§ 6321–24 (Supp.1995). The Theriaults contend that the court erred in granting a summary judgment in favor of Peoples because Peoples failed to notify the Theriaults of its sale of a tractor pledged as security for the same debt as that secured by the mortgage, a violation of the notice provision of 11 M.R.S.A. § 9–504(3) (1995), and that this failure to comply with section 9–504 precluded Peoples from foreclosing on the mortgage given by the Theriaults to secure the same debt. We agree that material issues of fact remain and that the court erred in its entry of a summary judgment.

I.

The Theriaults borrowed $62,500 from Peoples. The loan was secured by a mortgage on real property in Fort Kent and a security interest in a 1989 Peterbilt tractor. After the Theriaults fell behind in their loan obligations, they voluntarily surrendered the tractor to Peoples. On that same day, Peoples sent a letter to the Theriaults purporting to provide written notice of the time and place at which the tractor would be sold at public auction. The notice stated in pertinent part:

> On August 10, 1993, you voluntarily returned the above-referenced collateral. The purpose of this notice is to provide you with notice of the Bank's intent to dispose of the Collateral by private sale. Therefore, please be advised that the Collateral will be sold at public auction on August 20, 1993.

The tractor was not sold at public auction on the date specified and was sold at a private sale occurring eight months later without further notice to the Theriaults. The proceeds of the sale of the tractor were insufficient to satisfy the debt owed by the Theriaults to Peoples, and Peoples commenced a civil action for foreclosure of its mortgage. In their answer to the foreclosure complaint the Theriaults asserted as an affirmative defense that Peoples had failed to notify them pursuant to 11 M.R.S.A. § 9–504(3) (1995) of the private sale of the tractor. Peoples and the Theriaults each sought a summary judgment. The Superior Court granted Peoples' motion, and the Theriaults appealed.

II.

■ A summary judgment can be granted only when there is no genuine issue as to any material fact and any party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). When we review an entry of a summary judgment, "we view the evidence in the light most favorable to the party against whom judgment has been granted, and review the trial court decision for errors of law." *Petillo v. City of Portland,* 657 A.2d 325, 326 (Me.1995) (citation omitted). The Theriaults contend that the trial court erred in granting a summary judgment in favor of Peoples because Peoples failed to demonstrate that it had given the Theriaults reasonable notice of the prior sale of the tractor as required by section 9–504(3). 11 M.R.S.A. § 9–504(3) (1995) provides in pertinent part:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. . . .

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if, except in the case of consumer goods, he has not signed after default a statement renouncing or modifying his right to notification of sale.

Comment 5 to section 9–504 further elaborates:

Under subsection (3), the secured party in most cases is required to give reasonable notification of disposition to the debtor unless the debtor has after default signed a statement renouncing or modifying his right to notification of sale.

... Except for the requirement of notification there is no statutory period during which collateral must be held before disposition. "Reasonable notification" is not defined in this Article; at a minimum it must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interests by taking part in the sale or other disposition if they so desire.

■ Although the Theriaults' argument presents an issue of first impression in Maine, courts in other jurisdictions and commentators have concluded that prior notice of an unconsummated public sale is insufficient to give a debtor "reasonable notification" of a subsequent private or public sale in accordance with section 9–504(3). *See, e.g., Van Brunt v. BancTexas Quorum,* 804 S.W.2d 117 (Tex.Ct.App.1989) (holding that debtor lacked reasonable notice that creditor intended to sell collateral privately notwithstanding the fact that creditor had given notice of public auction where creditor rejected all bids); *Connecticut Bank and Trust Co. v. Incendy,* 207 Conn. 15, 540 A.2d 32 (1988) (holding that creditor's failure to give notice of a subsequent private sale of unauctioned collateral amounts to noncompliance with the notice requirements of section 9–504 and that notice of a public sale cannot be held to constitute notification of the time after which

a private sale will be held); *Wright v. Interfirst Bank Tyler, N.A.,* 746 S.W.2d 874, 877 (Tex.Ct.App.1988) (holding that notice of public sale was not, as a matter of law, "reasonable notification" of a subsequent private sale); *see generally* White & Summers, *Uniform Commercial Code,* 25–12 (3d ed. 1988) (stating that notice of a public sale becomes stale as soon as the collateral is not sold at the time and place provided in the notice); Clark, *The Law of Secured Transactions under the Uniform Commercial Code* ¶ 4.08[7][e] (1995) ("[I]f the debtor is sent a notice of public sale but a private disposition is actually held, the creditor has violated § 9–504(3)."). In view of the purposes notification is intended to serve, the position of these courts and commentators is sensible. We have stated that the reasons for requiring a creditor to give the defaulting debtor notice of the impending disposition of the collateral are to afford the debtor an opportunity to discharge the debt and redeem the collateral, produce another purchaser, or see that the sale is conducted in a commercially reasonable manner. *See Ocean Nat'l. Bank of Kennebunk v. Odell,* 444 A.2d 422 (Me. 1982). Any aspect of a sale notice contrary to these purposes necessarily prevents it from being a reasonable notification. *Wilmington Trust Co. v. Conner,* 415 A.2d 773, 776 (Del.Super.Ct.1980).

■ In the present case, Peoples intended its August 10, 1993, letter to inform the Theriaults that Peoples planned to sell the collateral. At best, this letter is confusing. It indicates in successive sentences that the collateral will be disposed of by both public auction and private sale. In any event, it fails to comply with section 9–504(3). If it were intended to be the same as a notice of a public auction, the notice fails because it does not indicate the time and place the sale will occur. 11 M.R.S.A. § 9–504(3) (1995). *See also* Clark, *The Law of Secured Transactions under the Uniform Commercial Code* ¶ 4.08[7][e] (1995) (stating that if a public sale is involved the notification must state exactly when and where the sale will take place). If the notice was intended to be a notice of private sale, it fails because it does not indi-

cate the date after which the collateral may be subject to sale. 11 M.R.S.A. § 9–504(3) (1995). *See also Wright v. Interfirst Bank Tyler, N.A.,* 746 S.W.2d at 874 (notice specifying a date of public sale inadequate to give debtor notice of date after which a private sale may occur). The notice of sale of their collateral given by Peoples to the Theriaults is, as a matter of law, deficient. There remain issues of material fact as to the existence and the amount of any deficiency owed by the Theriaults to Peoples.[1]

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. We do not reach the question whether the bank is precluded from recovering any deficiency when it fails to give notice to its debtor of the disposition of collateral. *See Leighton v. Fleet Bank of Maine,* 634 A.2d 453 (Me.1993) (failure to comply with strict notification requirements precludes a secured party from collecting a deficiency judgment); *Camden Nat'l. Bank v. St. Clair,* 309 A.2d 329, 331 (Me.1973). Neither do we reach the question whether the so-called "rebuttable presumption rule" applies. *See ROC–Century Assocs. v. Giunta,* 658 A.2d 223 (Me.1995).