STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
Docket Nos. CV-98-193
CV-98-284

SKS-KEN- 6/27/2000

PETER BETHANIS et al.,

Plaintiffs

v.

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT

INHABITANTS OF THE
TOWN OF READFIELD,

Defendant
and

LINWOOD REAY, d/b/a
REAY EXCAVATING,

Defendant and Cross-Claim Plaintiff

These consolidated matters came on for hearing before the court on the Town

of Readfield's motions for summary judgment on the complaint, on defendant

Reay's cross-claim, and on defendant Reay's motion for summary judgment on the

complaint. After a brief discussion of the background of the case, these motions will

be discussed separately below.

BACKGROUND

In April of 1998, following the destructive January ice storm, the Town of

Readfield hired several independent contractors, including defendant Linwood

Reay (d/b/a Reay Excavating), to remove brush and cut trees along the Town's rights

of way. One of the areas Reay cut was along North Wayne Road, which abuts the

properties owned by the plaintiffs. The project, subsidized in part by the Federal Emergency Management Administration (FEMA), was designed to remove downed and broken trees including those bent over into the road, which could create a hazard or danger to the individuals using the road. There was no written contract. The Town Manager and Town Road Commissioner, Gregory Gill, instructed Reay as to the limits of cutting. After the cutting was complete, apparently believing that Reay had cut trees which were on their property and outside of the Town's right of way without permission, the plaintiffs brought this action pursuant to 14 M.R.S.A. § 7552. The Town does not dispute that the plaintiffs gave the necessary notice of claim pursuant to the Maine Tort Claim Act (MTCA). 14 M.R.S.A. § 8107. The plaintiffs filed separate complaints against the Town and Reay, which were later consolidated.

## TOWN'S MOTION FOR SUMMARY JUDGMENT

The defendant Town of Readfield has filed a motion for summary judgment, which is more in the nature of a motion to dismiss because of its immunity pursuant to the MTCA. The common law doctrine of sovereign immunity "has been entirely displaced and supplanted by the enactment of the Maine Tort Claims Act." *Moore v. City of Lewiston*, 596 A.2d 612, 614 (Me. 1991). However, the MTCA incorporates some of the concepts of sovereign immunity, protecting a municipality from liability for damages except within certain narrow defined areas of activity. The plaintiffs point to the exception to immunity set forth in 14 M.R.S.A.

2

§ 8104-A(4), which states in part: "a governmental entity is liable for its negligent acts or omissions arising out of and occurring during the performance of construction, street cleaning, or repair operations on any highway . . . ." The Law Court has been quite restrictive in its application of the exception. For example, in *Goodine v. State,* 486 A.2d 1002 (Me. 1983), the Court applying a functional test, held that the road construction, street cleaning or repair operation exception does not apply to snow removal. Another example is *King v. Town of Monmouth,* 1997 ME 151, ¶ 12, 697 A.2d 837, in which the Court held that even road reconstruction which resulted in an increased elevation of the road significant enough to destroy both vehicle and foot access to the plaintiff's property was held not to trigger the exception. This court concludes that if the Law Court did not afford application of the exception in *Goodine* and *King,* it is not likely that they would apply it to a case involving tree trimming, albeit within the Town's right of way and for the safety of those using the Town roads.

The court also notes that in *King supra* and *Whalen v. Town of Livermore,* 588 A.2d 319, 322 (Me. 1991), the Law Court has specifically held that governmental entities are immune from liability on claims such as those based on 14 M.R.S.A. § 7552 and 7555. Since the plaintiffs' complaint is based entirely on the theory of trespass and requests damages pursuant to 14 M.R.S.A. § 7552, the court concludes

3

that the Town is entitled to summary judgment on the complaint as a matter of law.[1]

TOWN'S MOTION FOR SUMMARY JUDGMENT ON REAY'S CROSS-CLAIM

In this motion, the Town argues that Reay's cross-claim for contribution is premised on a finding that the Town is liable to the plaintiffs. On this point, the Town correctly cites *J.R.M. Inc. v. City of Portland*, 669 A.2d 159, 161 (Me. 1995), as support for the proposition that the immunity granted by the MTCA applies to claims for contribution and indemnification. Since none of the City's action in *J.R.M. Inc.* fell within any of the exceptions to immunity set forth in the MTCA, the City was immune. For this reason the Town's motion for summary judgment on the cross-claim for contribution will also be granted.

REAY'S MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT

Defendant Reay has also filed a motion for summary judgment against the plaintiffs. The basis for this motion appears to be first that Reay and his employees were cutting the trees pursuant to the directive of the Town Manager and FEMA, and that all of the trees cut were within the Town's right of way. Assuming that there is no substantial issues of material fact concerning the direction of the work, Reay fails to explain why he would therefore be entitled to summary judgment as a

---

1. The plaintiffs have mentioned in passing the possibility of a claim under a theory of unconstitutional "taking" of their property. However, they have not filed a motion to amend their complaint to allege the new theory and have provided no evidence of damages sufficient to trigger a constitutional inquiry.

4

matter of law. There seems to be no dispute that Reay was operating as an independent contractor for the job, despite the direction by Mr. Gill. Plaintiffs' statement of material fact also includes a statement that the direction from Gill included that if a tree that needed to be cut was located on an abutting property owners land then Reay should talk to the property owners to see if they would take responsibility for the tree; a direction which arguably was not followed here. Finally, there is a question whether the trees that were cut were inside or outside of the Town's right of way. Reay asserts that "[n]o trees on the Bethanis property were removed which were not in [the] Town right of way." Reay's statement of material fact paragraph 12. Plaintiffs dispute this statement stating that the majority of the trees that were cut were on their property. Plaintiffs statement of material fact paragraphs 3, 5. Plaintiffs have provided a "plan of former tree locations" prepared by an engineering firm. However, this plan appears to locate where the stumps are located, which may have little to do with where the rest of the tree was vis-a-vis the Town's right of way line. All of these disputes are genuine issues of material fact which would prevent entry of summary judgment pursuant to M.R. Civ. P. 56.

For the reasons stated above, the entry will be:

(1) The Town of Readfield's motion for summary judgment on the complaint is granted, and judgment shall be entered for the defendant Town.

(2) The Town of Readfield's motion for summary judgment on the cross-claim of defendant Linwood Reay is granted and judgment shall be entered for the Town.

5

(3) Defendant Linwood Reay's motion for summary judgment against the plaintiffs is denied.

DATED:   June 27, 2000

_S. Kirk Studstrup_
S. Kirk Studstrup
Justice, Superior Court

Date Filed __7/31/98__ ___Kennebec___ Docket No. __CV98-193__
County

**consolidated with CV-98-284**

Action __Other Civil__

# J. STUDSTRUP

Peter & Sandra Bethanis, et al   VS. Linwood Reay, Jr., d/b/a Reay Excavating

| Plaintiff's Attorney | Defendant's Attorney   vs. Inhab. of Town of |
|---|---|
| Gregory J. Farris, Esq.<br>215 Water St.,PO Box 120<br>Gardiner, Maine 04345 | Readfield<br>Sumner H Lipman Esq.<br>227 Water St<br>PO box 1051<br>Augusta Me  04332<br><br>Joy L McNaughton Esq   (Reay,Jr)<br>27 Pearl St<br>PO Box 7109<br>Portland Me   04112 |

| Date of Entry | |
|---|---|
| 8/4/98 | Complaint, filed. s/Farris, Esq.    (filed 7/31/98)<br>Pretrial Scheduling Statement and Jury Demand mailed to atty.<br>Original Summons with return service made upon Linwood Reay d/b/a Reay Excavating, filed. |
| 8/17/98 | Original summons with return of service on Linwood Reay on 8/6/98 filed.  s/Farris,Esq. |
| 9/2/98 | Answer to complaint filed.  s/Lipman,Esq. |
| 9/8/98 | PreTrial Scheduling Statement, filed. s/Farris, Esq. |
| 9/9/98 | EXPEDITED PRETRIAL ORDER, Atwood, J. (dated 9/8/98)<br>Discovery to be closed by 6/30/99.  This case will be placed on the non-jury trial list 30 days after close of discovery.  This Order is incorporated into the docket at the specific direction of the court.<br>Copies mailed to attys of record. |
| 11/6/98 | Entry of appearance filed.  s/McNaughton,Esq. |
| 11/9/98 | Plaintiffs designation of expert witnesses filed.  s/Susi,Esq. |
| 11/16/98 | Notification of Discovery Service, filed. s/McNaughton, Esq.<br>Defendant's Interrogatories to Plaintiffs Peter & Sandra Bethanis;<br>Defendant's Interrogatories to Plaintiffs Paul & Margaret Bethanis;<br>Defendant's Request for Production of Documents to Plaintiffs Peter & Sandra Bethanis and Defendant's Request for Production of Documents to Plaintiffs Paul & Margaret Bethanis served on Gregory Farris, Esq. on 11/12/98 |
| 1/8/99 | Motion to Enlarge Time for Defendants to Designate Expert Witnesses with Incorportated Memorandum, filed. s/McNaughton, Esq.<br>Request for Hearing, filed.  s/ McNaughton, Esq.<br>Proposed Order, filed. |

# J. STUDSTRUP

Peter & Sandra Bethanis, et als    VS.    Inhab. of the Town of Readfield

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Gregory J. Farris, Esq.<br>251 Water St., P.O. Box 120<br>Gardiner, Maine  04345-0120 | Lee K. Bragg, Esq.<br>146 Capitol St., P.O. Box 5057<br>Augusta, Maine 04332-5057 |

| Date of Entry | |
|---|---|
| 11/20/98 | Complaint, filed. s/Farris, Esq.<br>Pretrial Scheduling Statment and Jury Demand mailed to atty.<br>Original Summons with return service made upon Town of Readfield, filed. |
| 11/30/98 | Original summons with return service on Town of Readfield on 11/20/98 filed.  s/Farris,Esq. |
| 12/10/98 | Answer, filed. s/Bragg, Esq. |
| 12/18/98<br>******** | Pretrial Scheduling Statement, filed.<br>Jury Trial Fee paid. |
| 12/22/98 | EXPEDITED PRETRIAL ORDER, Studstrup, J. (dated 12/21/98)<br>Discovery to be closed by 9/21/99.  This case will be placed on the jury trial list 30 days after close of discovery.  This Order is incorporated into the docket by reference at the specific direction of the court.<br>Copies mailed to attys of record. |
| 2/11/99 | ORDER ON MOTION TO ENLARGE TIME TO DESIGNATE, Atwood, J.<br>Deadline for defendant to designate expert witnesses is enlarged by two months, to wit, up to and includeing March 8, 1999.<br>Copies mailed to attys of record. |
| 2/11/99 | ORDER ON MOTION FOR CONSOLIDATION, Atwood, J.<br>The case of Bethanis vs. Linwood Reay, CV-98-193 is consolidated with Bethanis vs. Town of Readfield, CV-98-284.<br>Copies mailed to attys of record. |
| 3/10/99 | Motion to enlarge discovery deadlines in consolidated action and incorporated memorandum filed.  s/McNaughton,Esq.<br>Request for hearing filed.  s/McNaughton,Esq.<br>Proposed order filed. |
| 3/15/99 | ORDER ON MOTION TO ENLARGE DISCOVERY, Studstrup, J.<br>All discovery to be completed by 9/21/99.<br>Copies mailed to attys of record. |