STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-00-56

ᴜʟн – Pᴇɴ-7/23/200.



FILED AND ENTERED
SUPERIOR COURT

JUL 23 2001

PENOBSCOT COUNTY

Jay R. McLaughlin,
        Plaintiff

        v.

John Khiel,
        Defendant

)
)
)
)
)
)
)
)
)
)
)

**DECISION AND JUDGMENT**

Hearing on the plaintiff's complaint for money damages was held on February 5, 2001. Both parties were present with counsel. Following the trial, the parties submitted written argument, which the court has considered. This proceeding arises from a transaction in which the defendant purchased a feller buncher from the plaintiff. Several days after the plaintiff delivered the logging equipment to the defendant, the defendant attempted to rescind the deal and returned the feller buncher to the plaintiff. The plaintiff has sued for the difference between the contract price and the price for which he subsequently sold the property to a third party, as well as for incidental damages.

A substantial portion of the parties' presentations, both at trial and in their written argument, addresses the plaintiff's liability claims. As part of discovery initiated by the plaintiff, he served written requests for admissions on the defendant. The proposed admissions were admitted into evidence. *See* plaintiff's exhibit 1. The defendant failed to serve written answers or objections to those proposed admissions. The matters set out in

1

the discovery request are therefore deemed admitted and "conclusively established" for purposes of this proceeding. M.R.Civ.P. 36(a), 36(b). Among other things, those admissions establish that the parties entered into a contract for the sale of the feller buncher, that the defendant accepted delivery of the equipment, that the defendant wrongfully rejected that acceptance and that the defendant returned the equipment to the plaintiff. When these admissions are combined with the court's finding that the plaintiff resumed possession of the buncher under protest and in full reservation of his rights to pursue this action against the defendant, *see* plaintiff's exhibit 5, the plaintiff has established that the defendant is liable to the plaintiff both under a common law claim for breach of contract and under the pertinent provisions of the Uniform Commercial Code, codified in 11 M.R.S.A. § 2-602 and related provisions.[1] The remaining issues relate to the damages claimed by the plaintiff and to the defendant's counterclaim for refund of a $5,000 deposit.[2]

For his damages, the plaintiff seeks recovery for: (1) the difference between the contract price of $22,500, less the $5,000 deposit, and the

---

[1] The defendant argues that the the contract between the parties is unenforceable because it was not fully in writing. The court has addressed and rejected this analysis for the reasons set out in the order dated January 3, 2001.

[2] Although the admissions are dispositive of the plaintiff's liability claims, they do not have that effect on his damages claims. Admission number 11 states simply that there is a $17,500 balance due to the defendant. The court does not treat this as the basis for an award of that sum. Rather, it represents a mathematical computation based on the plaintiff's contracts with the defendant and with the eventual purchaser, and it does not take into account the legal issues discussed in the text of this order. Further, admission numbers 12 and 13 simply establish the amounts of certain expenses incurred by the plaintiff in connection with the failed transaction at issue here. Thus, none of these admissions by themselves constitutes the basis for an award of damages.

2

eventual sale price of $172,500 (that is, $17,500); (2) expenses of $2,500 for delivering the buncher to the defendant; (3) a $2,000 commission associated with the ultimate sale of the equipment; (4) expenses of $3,000 incurred to clean, repair and paint the buncher after the defendant returned it to the plaintiff; and (5) $70 for the cost of advertising the resale of the buncher after the defendant returned it.

After the defendant returned the feller buncher to the plaintiff on June 14, 1999, the plaintiff attempted to resell the property. He contacted sales representatives for Timberjack, which manufactured the feller buncher at issue here, and he placed an advertisement in the *Bangor Daily News*. The newspaper advertisement is found in plaintiff's exhibit 7. As a result of those efforts, the plaintiff received three offers that did not exceed $155,000. Finding those offers unsatisfactory, he ultimately sold the equipment through a company that sells new and used logging equipment. The sale price was $172,500.

The court concludes that the plaintiff satisfied the requirements of 11 M.R.S.A. § 2-706 and that he is therefore entitled to recover the difference between the contract prices. 11 M.R.S.A. § 2-708(1). Section 2-706 allows a seller to resell goods either through a public sale or a private sale. A public sale is "a sale by auction. A 'private' sale may be effected by solicitation and negotiation conducted either directly or through a broker." 11 M.R.S.A. § 2-706, Uniform Commercial Code comment 4. An "essential" feature of a public sale is an "invitation to the public to attend. . . ." 4 RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE § 2-706:18 (3d ed. 1983). Additionally, "a 'public sale' contemplates that the public shall be given the opportunity to engage in competitive bidding.

Necessarily, a public sale presupposes a sale at a place to which the public will have access." *Id.*

None of the methods used by the plaintiff in his attempts to resell the feller buncher was a "public sale." Although the plaintiff publicly solicited offers to purchase the equipment, the bidding was not competitive as it would be at an auction. Rather, the use of brokers and the published invitation to submit offers were, in their essence, attempts to sell the equipment privately. Therefore, the plaintiff was subject to the requirements of section 11-706(3), which provides only that "the seller must give the buyer reasonable notification of his intention to resell."

The admissions included in plaintiff's exhibit 1 establish that "[s]hortly thereafter [the date when the plaintiff negotiated the $5,000 check representing the defendant's deposit on the purchase], the Plaintiff's attorney notified the Defendant's attorney, that the Plaintiff intended to sell the feller buncher at a private sale."[3] The plaintiff received the $5,000 deposit prior to the date of delivery in June 1999. Although the evidence does not establish the date on which the defendant' attorney received this notice, the court infers that the plaintiff did not substantially delay the time when he negotiated the $5,000 check issued by the defendant. From this, the court also infers that the date of notification of intent to resell was early on in the process, and substantially in advance of the date when the

---

[3] Additionally, the plaintiff testified at trial that he advised the defendant of the solicitation he placed in the *Bangor Daily News*. The plaintiff was unable to recall how he provided that notice. The defendant denied that he was notified of the plaintiff's efforts to resell the equipment. On this record, particularly because the plaintiff was unable to provide details about any such communication with the defendant, the court cannot find that the plaintiff himself provided the notice. Thus, the notice provided by plaintiff's counsel to defendant's counsel, as set out in plaintiff's exhibit 1, is the only notice that has been proven here.

4

plaintiff resold the feller buncher.

Reasonable notification of an intent to resell is required to allow the debtor to protect his "interests by taking part in the sale or other disposition if [he] so desires." *See* 11 M.R.S.A. § 9-504(3) (requiring a secured creditor to provide "reasonable notification" of an intent to dispose of the collateral), Uniform Commercial Code comment 5, *quoted in People's Heritage Savings Bank v. Theriault*, 670 A.2d 1391, 1393 (Me. 1996). Here, the contents of the notice provided to the defendant, through his counsel, satisfied the statutory requirements, *see also* 4 RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE § 2-706:15, and that notice was provided in a sufficiently timely manner to allow the defendant to participate in the process, protect his interests and minimize (or even eliminate) any deficiency. *Computer Sales International, Inc. v. Family Guardian Life Ins. Co.*, 860 S.W.2d 826, 830 (Mo.App. 1993).[4]

Section 2-706 also requires the seller to dispose of the goods in a "commercially reasonable manner." The defendant contends that the delay between the plaintiff's re-acquisition of the equipment in June 1999 and its eventual sale in January 2000 was not commercially reasonable. That delay, however, is attributable to the plaintiff's difficulties in securing

---

[4]Section 2-706(2) requires that "[t]he resale must be reasonably identified as referring to the broken contract. . . ." The apparent purpose of this requirement is to establish the connection between the resale and the seller's claim against the prior purchaser. *See* 4 RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE § 2-706:13. Here, the defendant was made aware, through notification provided to his counsel, that the plaintiff intended to resell the feller buncher that was the subject of the parties' contract. Therefore, to the extent that this provision is intended to protect the party in the defendant's situation, that protection was created.

There is no evidence that notice to third-party prospecitve purchasers referred to the broken contract. If the purpose of this provision is to protect third parties (such as the subsequent purchaser), then any prejudice to him is not material to the plaintiff's claim against this defendant.

5

another buyer. The newspaper advertisement generated offers to purchase the feller buncher closer in time to June 1999. However, those offers were no higher than $155,000. If the defendant's argument is correct, then the plaintiff should have accepted that offer -- which would have resulted in a deficiency twice that claimed here. Under these circumstances, the six month delay between June 1999 and January 2000 was not commercially unreasonable. *See* 11 M.R.S.A. § 2-706, Uniform Commercial Code comment 5 ("What is a reasonable time depends upon the nature of the goods, the condition of the market and other circumstances of the case; its length cannot be measured by any legal yardstick or divided into degrees.").

In addition to the damages based on the lower resale price, the plaintiff also seeks incidental damages. *See* 11 M.R.S.A. §§ 2-708(1), 2-710. The $2,000 commission paid by the plaintiff as part of its resale and the $70 fee paid to the *Bangor Daily News* to publish the sale advertisement are reasonable charges associated with the resale. Those expenses are recoverable. *Id.*

The plaintiff is not entitled to reimbursement for the expenses of delivering the feller buncher to the defendant, because those costs do not constitute damages. Rather, they are expenses that the plaintiff apparently agreed to incur (in other words, they were part of the contract price) and for which he was not contractually entitled to recover. He also is not entitled to recover the costs of painting, cleaning and repairing the feller buncher after the defendant returned it to him. The evidence does not establish that defendant's use of the equipment, during the short time he possessed it, required this work to restore it to its prior condition.

6

Although painting the equipment may have made it more attractive to potential buyers, the defendant is not liable for that cost. The plaintiff has not identified a basis for recovery of attorney's fees.

The entry shall be:

For the reasons set out in the order dated July 19, 2001, judgment is entered on the complaint for the plaintiff in the amount of $19,570.00, plus interest at the statutory rate and costs of court.

On the counterclaim, judgment is entered for the counterclaim defendant (the plaintiff).

Dated: July 19, 2001

_____
JUSTICE, SUPERIOR COURT

| Date Filed | 3/22/2000 | PENOBSCOT | Docket No. | CV-2000-56 |

Date Filed **3/22/2000** **PENOBSCOT** Docket No. **CV-2000-56**
County **COUNTERCLAIM**

Action **CIVIL - CONTRACT**

Jeffrey L. Hjelm, Specially Assigned Justice

<table>
<tr><td colspan="2">JAY R. MCLAUGHLIN</td><td>VS.</td><td>JOHN KHIEL</td></tr>
</table>

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PATRICK E. HUNT, ESQ.<br>P O BOX 130 - 19 Sherman Street<br>ISLAND FALLS, ME 04747-0130 | THOMAS F. SMITH, ESQ.<br>P O BOX 98 - 19 Main Street<br>HARRISON, ME 04040-0098 |

| Date of Entry | |
|---|---|
| 3/22/00 | Complaint filed. |
| 3/22/00 | Officer's Return of Service filed (s.d. 3/1/2000 by Thomas Smith, Esq.) |
| 3/22/00 | Answer and Counterclaim filed by Defendant. (Rec'd 3/20/00) |
| 3/22/00 | Answer to Counterclaim and Affirmative Defenses filed by Plaintiff. |
| 3/22/00 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 3/23/00 | Scheduling Order filed. Discovery Deadline is November 1, 2000. (Hjelm, J). Specially assigned Justice. Copy forwarded to attorneys of record. |
| 5/15/00 | Notice of Discovery filed by Plaintiff: Interrogatories. |
| 5/15/00 | Notice of Discovery filed by Plaintiff: Designation of expert Witness. |
| 5/15/00 | Notice of Discovery filed by Plaintiff: Request for Admissions. |
| 5/15/00 | Notice of Discovery filed by Plaintiff: Request for Production of Documents. |
| 11/28/00 | Plaintiff's Motion for Summary Judgment (Rule 56 M.R.C.P. ) and Motion for Hearing on Damages filed. |
| 11/28/00 | Statement of Material Facts (Rule 7 M.R.C.P.) filed by Plaintiff. (Plaintiff's Exhibit 1 attached) |
| 11/28/00 | Request for Hearing on Motion for Summary Judgment and Motion for Hearing on Damages filed by Plaintiff. |